IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BB CLUB, LLC, | CV 25–55–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LARRY HARMON, | |
| Defendant. | |

Before the Court is Plaintiff BB Club, LLC's Emergency motion for Temporary Restraining Order and for Expedited Hearing. (Doc. 3.) Through the motion, Plaintiff requests that this Court enter a temporary restraining order to prevent dissipation of assets that would render a judgment in an underlying state action ineffectual. (*Id.* at 1.) However, as Plaintiff points out in its supporting brief, Plaintiff requested the same relief in the state district court where the underlying judgment was entered. (Doc. 4 at 4, ¶ 9.) For that reason, Plaintiff's motion will be DENIED.

### BACKGROUND

Plaintiff filed its complaint on May 29, 2025. Through the complaint, Plaintiff alleges that it is the owner of Black Bull Golf Club ("Club") in Bozeman Montana. (Doc. 1 ¶ 6.) Defendant is a former member of the Club. (*Id.* ¶ 7.)

1

Defendant's family resided at 96 Highnoon Way (the "Residence") which is within the Club. (*Id.*) The Residence was originally owned by the Harmon Family Trust but, crucial to Plaintiff's claims, in 2015, Defendant transferred ownership of the Residence to KB Capital Corporation ("KB Capital"). (*Id.*)

In March 2021, the Plaintiff terminated Defendant's membership at the Club due to Defendant's misconduct. (*Id.* ¶ 8.) In June 2021, Defendant filed a racial discrimination claim against the Club under the Montana Human Rights Act ("MHRA"). (*Id.*) Following a trial, the MHRA Hearing Officer ruled in the Club's favor on all of Defendant's claims. (*Id.* ¶ 9.) Plaintiff then filed an action in Montana Eighteenth Judicial District Court under the MHRA for recovery of attorney's fees. (*Id.* ¶ 10.) The state district court granted Plaintiff summary judgment and on April 3, 2025, awarded Plaintiff $149,489 in prevailing attorney fees. (*Id.*) Judgment was entered on April 8, 2025. (*Id.*)

In May 2025, Plaintiff learned that the Residence was under contract for sale. (*Id.* ¶ 11.) Plaintiff notified Defendant that payment of the judgment from proceeds of sale of the Residence was a condition to the Club's grant of a full Club membership to the purchaser of the residence. (*Id.*) On May 21, 2025, Plaintiff filed a motion in the state district court action to preliminary enjoin Defendant from dissipating assets to make Judgment ineffectual. (*Id.* ¶ 13.) On the same date, Defendant provided executed supplemental instructions to the escrow agent

directing payment of the judgment to Plaintiff from the proceeds of sale of the Residence. (*Id.*) Plaintiff "stood down from further proceedings." (*Id.*)

On May 26, 2025, Plaintiff was notified that new arrangements had been made between Defendant and the buyers of the Residence. (*Id.* ¶ 14.) Plaintiff sought confirmation from the escrow agent that the supplemental instructions remained in effect but received no response from the agent or Defendant's real estate agent until May 28, 2025, when the escrow agent informed Plaintiff that it had been directed to have no further communication with Plaintiff. (*Id.*) On May 28, 2025, the state district court denied Plaintiff's motion for preliminary injunction on the basis that KB Capital was not a party to the action. (*Id.* ¶ 15, Doc. 5-8.) Plaintiff then moved the state district court to amend its pleadings to join KB Capital. (Doc. 4 ¶ 9.) The state district court denied the motion. (*Id.*, Doc. 5-9.)

On May 29, 2025, Plaintiff filed the present motion. (Doc. 3.) Plaintiff claims that "[h]aving been denied a State Court forum, [Plaintiff] is entitled to seek relief in this Court." (Doc. 4 at 12–13.)

## DISCUSSION

A court's subject matter jurisdiction cannot be waived nor forfeited, and this Court is "obligated to consider *sua sponte* requirements that go to subject-matter jurisdiction." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013). "If the court determines at any time that it lacks subject matter jurisdiction, the

court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A federal court is presumed to lack jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not met that burden here.

The *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Morrison v. Peterson*, 809 F.3d 1059, 1069–70 (9th Cir. 2015) (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)). In determining "whether an action functions as a de facto appeal," courts should focus on the relief sought. *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022). "A 'forbidden de facto appeal under *Rooker-Feldman*' arises 'when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). That is exactly what Plaintiff seeks to do here.

Despite being present for, and having access to the transcript of, a deposition from the MHRA action in which Defendant admitted that the ownership of the Residence had changed, (*see* Doc. 5-1 at 5), Plaintiff failed to litigate its action for attorney fees in a way that would ensure it could recover for sale of the Residence. The state district court denied Plaintiff's motion for preliminary injunction, where

4

Plaintiff sought to enjoin Defendant from "causing proceeds from sale of his residence in the Black Bull development from being transferred outside the district of the [state district court.]" (Doc. 5-8 at 2.) The state district court explained that KB Capital was not a party in the matter, and the court could not enjoin a nonparty. (*Id.* at 3.) Plaintiff then moved the state district court to amend its complaint to add piercing the corporate veil and again requested preliminary injunctive relief. (Doc. 4 at 12.) The state district court denied the motion, explaining that KB Capital "is a corporation which may have shareholders other than Defendant," and therefore, "if the [c]ourt were to allow amendment to add KB Capital [] [the] request for preliminary injunction may still have deficiencies." (Doc. 5-9 at 3.)

Now, Plaintiff seeks preliminary injunctive relief from this Court, including piercing the corporate veil against KB Capital, to prevent Defendant and KB Capital from dissipating proceeds of the Residence. This is a *de facto* appeal of the Eighteenth Judicial District's orders and is therefore forbidden under the *Rooker-Feldman* doctrine. If Plaintiff believes that the state district court erred, the proper form of relief is through the state appellate process.

Because this Court lacks subject-matter jurisdiction, this case must be dismissed.

Accordingly, IT IS ORDERED that this matter is DISMISSED. IT IS FURTHER ORDERED that the pending motion (Doc. 3) is DENIED AS MOOT.

DATED this 30th day of May, 2025.

_____
Dana L. Christensen, District Judge
United States District Court